IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLTON T. TAYLOR,

    Plaintiff,

   v.                                            No. CIV 11-0918 JH/GBW

JEAN MCCRAY,
ALISHA A. MAESTAS,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The named Defendants are an attorney who represented Plaintiff on contract with the state public defender office, and an assistant district attorney in Bernalillo County, New Mexico. The complaint alleges that in the state criminal proceeding, Defendant McCray provided ineffective assistance to Plaintiff by allowing him to sign a plea agreement that violated certain constitutional protections. Plaintiff also alleges that the assistant district attorney, Defendant Maestas, offered the unconstitutional plea deal. For relief, the complaint asks for damages and an order disbarring both attorneys.

Plaintiff's allegations do not support his claims under 42 U.S.C. § 1983. First, the complaint does not state a claim for relief against Plaintiff's former counsel. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). "[D]efense counsel . . . will not be deemed to have acted under color of state law. Therefore, plaintiffs failed to state a claim under § 1983 against . . . defense counsel." *Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995) (citing *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)). Plaintiff's claim against Defendant McCray will be dismissed.

Second, assistant district attorney Maestas is immune to Plaintiff's claims. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and

2

in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." "[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Under these decisions, Defendant Maestas clearly enjoyed absolute immunity in offering a plea deal in Plaintiff's criminal prosecution. The Court will dismiss Plaintiff's complaint against the Defendants.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE